IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 10 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01777-BNB

HUMBERTO GALVAN,

   Applicant,

v.

UNITED STATES OF AMERICA,

   Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Humberto Galvan, is incarcerated at the Cibola County Correctional Center in Milan, New Mexico. Mr. Galvan has filed *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The *in forma pauperis* motion will be granted.

The court must construe the application liberally because Mr. Galvan is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Galvan will be ordered to file an amended pleading.

The court has reviewed the habeas corpus application and finds that it is deficient because Mr. Galvan fails to allege specific facts in support of his claim to demonstrate that his federal constitutional rights have been violated and he fails to

specify the relief he is seeking in this action. The entire application consists of Mr. Galvan describing the nature of the case as "CANCELLATION OF DEPORTATION" and the assertion of one claim of ineffective assistance of counsel with the following supporting fact: "COUNSEL NEVER EXPLAIN [sic] THE CONSEQUENCES OF BEEN [sic] DEPORTED."

Mr. Galvan must do more than make a conclusory allegation that his constitutional rights have been violated. He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Galvan will be ordered to file an amended application in which he provides specific facts in support of the claim he is raising. Mr. Galvan also must specify the relief he is seeking in this action. Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed on August 13, 2008, is granted. It is

FURTHER ORDERED that Mr. Galvan file **within thirty (30) days from the date of this order** an amended application for a writ of habeas corpus that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Galvan, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Galvan fails within the time allowed to file an amended application for a writ of habeas corpus as directed, the action will be

2

dismissed without further notice.

DATED September 10, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01777-BNB

Humberto Galvan
Reg. No. 32868-013
Cibola County Corr. Center
PO Box 3540
Milan, NM 87021

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 9/10/08

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk